**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENISE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1871 |
| v. | |
| MICHAEL J. ASTRUE, | (JUDGE CAPUTO) |
| Commissioner of Social Security | (MAGISTRATE JUDGE BLEWITT) |
| Defendant. | |

### MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 9) and Plaintiff Denise Williams' Objections to the Magistrate Judge's Report and Recommendation (Doc. 10). The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner of Social Security (Commissioner)'s decision that denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections. Accordingly, Plaintiff's appeal will be denied.

### BACKGROUND

Plaintiff Denise Williams applied for DIB and SSI on September 26, 2002, alleging that she has been disabled since May 2, 2002, with a neck injury, left shoulder injury, pain in her arms and right hand, fatigue, and phlebitis. (Report and Recommendation, Doc. 9, at 1.) Plaintiff was born May 1, 1952, has an eleventh grade education and past work experience as a cashier and packager. (*Id.* at 5.) Plaintiff testified at the ALJ

hearing that she suffers from diabetes, bilateral carpal tunnel syndrome, a urinary problem, and pain and discomfort that leave her unable to sleep through the night, sit or stand for more than fifteen (15) or twenty (20) minutes at a time, or walk for more than approximately ten (10) minutes at a time.  (*Id.* at 6-7.)

After an initial denial, a hearing before an Administrative Law Judge (ALJ), and a supplemental ALJ hearing on remand from the Appeals Council, Plaintiff's application for benefits was denied on April 18, 2006, and that decision became the final decision of the Commissioner.  (*Id.* at 1-2.)  Plaintiff sought judicial review of the ALJ's denial before Magistrate Judge Blewitt, who recommended Plaintiff's appeal be denied.  (*Id.* at 25.) Plaintiff filed objections to Magistrate Judge Blewitt's recommendation, which are now fully briefed and ripe for disposition.

**STANDARDS OF REVIEW**

**I. Review of Magistrate Judge's Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the

2

extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II. Review of Commissioner's Findings

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).  Evidence is not substantial if it is overwhelmed by other evidence.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

## III. Eligibility for Disability Benefits

To determine whether an individual is disabled within the meaning of the Social Security Act, and thus eligible for disability benefits, the Commissioner employs a five-step analysis.  First, the Commissioner must determine (1) whether the applicant is

engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; and (3) whether the applicant's impairment meets or equals an impairment listed in Appendix 1, Subpart P, Regulations No. 4.  If so, Plaintiff is considered disabled.  If not, then (4) the Plaintiff must establish that she is unable, with her residual functional capacity, to perform her past relevant work.  (5) If Plaintiff does so, the burden shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that Plaintiff is able to perform, consistent with her residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

In the instant matter, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's appeal because, she asserts, the Magistrate Judge erred in (1) determining that Plaintiff was not disabled by concluding that she was capable of performing light duty work and (2) failing to determine that Plaintiff met Medical Vocational Rule 201.14.  (Pl.'s Objections, Doc. 10.)  Plaintiff's objections concern only the fifth step of the disability inquiry.

**I. PLAINTIFF'S ABILITY TO PERFORM LIGHT DUTY WORK**

Residual functional capacity is what a claimant can still do in a work setting, despite her limitations.  20 C.F.R. § 404.1545(a).  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket

files, ledgers, and small tools. ... Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R §§ 404.1567(a); 416.967(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R §§ 404.1567(b); 416.967(b).

The ALJ found that Plaintiff had the residual functional capacity to perform "a limited range of light work," specifically:

> claimant has the residual functional capacity to lift one to five pounds frequently, six to ten pounds occasionally, and rarely eleven to twenty pounds.  She is capable of sitting for six hours in an eight-hour workday and standing/walking for six out of eight hours, with limited pushing and pulling in the upper extremities and occasional overhead reaching.  She can occasionally use both her right and left hands for reaching ..., handling ..., and fingering..."

(Hearing Decision, Apr. 18, 2006, at 4, R. at 20.)  Plaintiff objects to Magistrate Judge Blewitt's decision to uphold the ALJ's conclusion that Plaintiff can perform light duty work because, she argues that the ALJ misstated the opinion of her treating physician, Dr. Franklin Guneratne; erroneously failed to give the opinions of Dr. Guneratne and Plaintiff's chiropractor, Dr. Steven Reggie, controlling weight; and gave undue weight to Plaintiff's activities within her home   (Pl.'s Br. in Supp., Doc. 11, at 10-15.)

**A. The ALJ Did Not Misstate Dr. Guneratne's Opinion**

Plaintiff argues that, contrary to the ALJ's characterization of Dr. Guneratne's assessments, Dr. Guneratne found that Plaintiff could *never* lift more than ten (10) pounds.  (Pl.'s Br. in Supp., Doc. 11, at 11.)  In response to the question in his Medical Source Statement form regarding Plaintiff's ability to lift and carry eleven (11) to twenty (20) pounds in a working environment, Dr. Guneratne checked the box "rarely/none (no sustained/8hrs)."  (R. at 298.)  There was no box indicating a lower ability to carry that amount of weight.  (*Id.*)  In response to the question in the Physical Residual Functional Capacity Questionnaire regarding "how many pounds [Plaintiff can] lift and carry in a competitive work situation," Dr. Guneratne checked the box "never" for both the ten (10) and twenty (20) pound levels.  (R. at 303.)

Plaintiff argues that the ALJ considered only the first form but not the second, but the ALJ's report states that "[i]n a Medical Source Statement, Dr. Guneratne stated that the claimant could lift ... rarely or never eleven to twenty pounds."  (Hearing Decision, at 7, R. at 23.).  This statement is simply a straightforward recitation of the information in Dr. Guneratne's form; as the word "never" appears only on the second form, it does not appear that the ALJ completely ignored that form.

And notably, the ALJ later referenced this assessment of Dr. Guneratne's while *limiting*, not expanding, his conclusion about what Plaintiff is able to do.  After crediting the Disability Determination Services (DDS) doctor's assessment that Plaintiff can sit, stand, and walk for longer periods than she or her treating physician claim, thus qualifying her to perform many of the functions of "light work," the ALJ nevertheless noted,

6

"however, ... the claimant is limited to lifting ... rarely or never eleven to twenty pounds, consistent with Dr. Guneratne's Medical Source Statement." (*Id.*)  It was because of such limitations on Plaintiff's ability to perform all aspects of "light work" that the ALJ did not automatically find Plaintiff able to perform light work but rather referred her case, which did not fall neatly into either the light or sedentary categories, to a vocational expert. (*See id.* at 9, R. at 25.)  As such, any possible misstatement of Dr. Guneratne's conclusion about Plaintiff's ability to lift did not actually work against Plaintiff, rendering her objection on this point moot.

### B. Assignment of Controlling Weight

Plaintiff's argument that the ALJ erred in not giving controlling weight to the opinion of her chiropractor, Dr. Reggie, is without merit, because even though an ALJ is permitted to "consider" a chiropractor's opinion along with other evidence, "a chiropractor's opinion is not 'an acceptable medical source' entitled to controlling weight." *Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999) (citing 20 C.F.R. § 416.913); *see also* 20 C.F.R. § 404.1513.

Concerning Dr. Guneratne, the opinion of a treating physician on the nature or severity of a claimant's condition is to be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 416.927(d)(2).  The ALJ credited Dr. Guneratne's opinion in part, adopting his conclusions concerning the weight Plaintiff could lift and the conclusion that "she could

7

occasionally use both her right and left hands for reaching ... handling ... and fingering." (Hearing Decision, at 7, R. at 23.)  Other parts of Dr. Guneratne's assessment, however, the ALJ found to be not well supported by objective medical evidence in the record and inconsistent with Plaintiff's physical examinations.  These were the doctor's conclusions "that the claimant can only sit for four hours in an eight-hour work day, stand/walk for two out of eight hours [and] that she needs to ... elevate her feet for nearly five out of eight hours."  (*Id.*)  On these matters, the ALJ instead gave "significant weight" to the DDS consultants' conclusions that Plaintiff could "sit six hours in an eight-hour work day and stand/walk six out of eight hours, with limited pushing and pulling in the upper extremities and occasional reaching overhead."  (*Id.*)

When the opinion of the treating physician and a non-treating, non-examining physician, such as the DDS doctor here, conflict, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason."  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).  He "may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."  *Id.*  "Although ... this Court cannot second-guess the ALJ's credibility judgments, they alone do not carry the day and override the medical opinion of a treating physician that is supported by the record."  *Id.* at 318.  An ALJ cannot "disregard [a] medical opinion based solely on his own amorphous impressions, gleaned from the record and from his evaluation of the claimant's credibility."  *Id.*

In light of these standards, the ALJ's conclusion that Plaintiff "has no significant distraction from pain and she can use her hands for a variety of functions," based on his evaluation of evidence in the record that while at home, Plaintiff cooks, straightens up, folds laundry, occasionally irons, reads, watches television, paints, talks to friends on the phone and emails her daughter – and his speculation that her urinary problems involving a water pill she takes need not interfere with a job because "she could take this medication after work" – may well be insufficient to, alone, override her treating physician's medical opinion.  (*See* Hearing Record, at 7-8, R. at 23-24.)  But these observations were not all that the ALJ considered.  As the Magistrate Judge noted, the ALJ considered the evaluations of many doctors.  Specifically, regarding the issue of how long Plaintiff can sit, stand, and walk, the report of the DDS consultant provides an alternate medical conclusion to that of Dr. Guneratne, an alternate conclusion that the ALJ "may choose ... to credit."  *Morales*, 225 F.3d at 317.  As such, the ALJ's decision to not give controlling weight to portions of Dr. Guneratne's report is supported by substantial evidence.

## II. MEDICAL VOCATIONAL RULE 201.14

Plaintiff's argument that her condition satisfies Medical Vocational Rule 201.14 is premised on the argument that she is restricted to sedentary work.  This argument is therefore foreclosed by the conclusion, in the preceding section, that the ALJ's determination that Plaintiff was not restricted to sedentary work was supported by substantial evidence.

9

## CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 9.). Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


January 10, 2008                                            /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENISE WILLIAMS,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

CIVIL ACTION NO. 3:06-CV-1871

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## **ORDER**

**NOW**, this 10th day of January, 2008, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 9), **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 10) are **OVERRULED**.

(2)    The Report and Recommendation (Doc. 9) is **ADOPTED**.

(3)    Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4)    The Clerk of the Court shall mark this case as **CLOSED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge